FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 06, 2023

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICOLE K. DRUMHILLER,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN PUBLIC UNIVERSITY SYSTEM, INC.,<br><br>    Defendant. | No. 2:23-CV-00281-SAB<br><br>ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE AND DENYING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL<br><br>ECF Nos. 5, 7 |

Before the Court are Defendant's Motion to Transfer Venue, ECF No. 5, and Defendant's Motion for Partial Dismissal, ECF No. 7. The motions were considered without oral argument. Plaintiff is represented by Jacob Downs and Joseph Corr. Michael Porter and Larry Rector represent Defendant. Having reviewed the record and applicable caselaw, the Court denies the motions.

## Background

This case concerns Plaintiff's federal and state law claims of sexual harassment, retaliation and wrongful termination against her former employer. *See generally* ECF No. 1. Defendant is a West Virginia corporation offering online

education programs. ECF No. 1 at 2; ECF No. 4 at 4; ECF No. 7 at 9.

On August 16, 2012, Defendant initially hired Plaintiff to work as an adjunct faculty member. Defendant made Plaintiff a written offer of employment, which Plaintiff accepted. ECF No. 6-1. A few weeks later, on October 2, 2012, Defendant made Plaintiff a written offer for a fulltime faculty position, which Plaintiff accepted. ECF No. 6-2. Plaintiff worked remotely for Defendant from her residence in Washington state, eventually serving as Dean of the School of Security and Global Studies. ECF No. 1 at 2; ECF No. 5 at 2; ECF No. 13 at 1; ECF No. 7 at 9.

Defendant's offer letters contained various terms of employment, such as compensation and "scope of work," and relevantly, a provision entitled "Governing Law, Jurisdiction and Venue" which stated:

> The Laws of the State of West Virginia, excluding the choice of law provisions thereof, shall apply to this agreement. You hereby irrevocably consent and submit to the jurisdiction of the United States District Court for the Northern District of West Virginia or the Courts of Jefferson County, West Virginia in any action or proceeding arising out of or relating to this Agreement, and you hereby irrevocably agree that all claims in respect to any such action or proceeding may be heard and determined in such courts. You agree that a final judgment in any such action or proceeding shall, to the extent permitted by applicable law, be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by applicable law related to the enforcement of judgments.

ECF Nos. 6-1 at 2, 6-2 at 2. Both offers included a term regarding modifications, stating that "[t]his offer may be amended or modified in writing as executed by

1    authorized representatives of both parties." *Id*.

2         The acknowledgement page attached to both of the offers and signed by

3    Plaintiff indicated she accepted "the offer as stated" in the letter. ECF Nos. 6-1 at

4    3; 6-2 at 3. Both acknowledgement pages also included additional agreements

5    regarding Plaintiff's at-will employment. The page signed August 16, 2012 stated

6    "[a]dditionally, I understand, acknowledge and agree" "this employment is 'at

7    will' and this letter does not constitute a contract of employment." ECF No. 6-1 at

8    3. The page signed October 2, 2012, read that Plaintiff acknowledges "that this

9    employment is 'at-will' and that neither the APUS Faculty handbook nor the

10   APUS Employee handbook creates any contractual obligations on the part of

11   APUS." ECF No. 6-2 at 2.

12        In 2022, Defendant sent Plaintiff an electronic message attaching a

13   document entitled "Inventions and Non-Disclosure Agreement" (hereinafter

14   "NDA") which stated: "please review the APUS Non-Disclosure Policy and

15   Agreement and complete the Accept field below. If you have any questions

16   regarding the APUS Non-Disclosure Policy and Agreement please contact

17   hr@apei.com." ECF No. 6-3 at 6. Plaintiff completed the "Accept field" on

18   February 18, 2022. *Id*. The NDA pertained to inventions and proprietary

19   information. It contained a choice of law provision (Section 10), a "[m]andatory

20   [c]hoice of [f]orum" clause (Section 11), and a provision regarding "[o]ther

[a]greements" (Section 12) which provided:

> I understand and agree that if I have executed or entered into any . . . other agreement related to my employment with APUS, the provisions of any such agreement . . . remain in place and binding in accordance with the terms of that agreement.

ECF No. 6-3 at 5.

On September 26, 2023, Plaintiff filed this action against Defendant asserting retaliation and sexual harassment in violation of the Washington Law Against Discrimination (WLAD), wrongful termination in violation of public policy, and a violation of Title IX of the Education Amendment of 1972, 20 U.S.C. § 1681, et seq. ECF No. 1 at 11-14. The Complaint alleges Defendant terminated Plaintiff following an incident in which she was victimized by another employee while attending work-related events held in Fort Washington, Maryland. ECF No. 1 at 11.

Now pending before the Court are two motions filed by Defendant, the first seeking transfer of venue to the Northern District of West Virginia pursuant to 28 U.S.C. § 1404(a) based on forum selection clauses contained in documents related to Plaintiff's employment and alternatively, *forum non conveniens* considerations. ECF No. 5. The second motion requests dismissal of Plaintiff's state law claims pursuant to choice of law provisions contained in the employment documents. ECF No. 7.

**Legal Standards**

**1. Transfer of Venue Pursuant to Section 1404(a)**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . ." 28 U.S.C. § 1404(a). Consideration of a motion to transfer venue under § 1404(a) requires two findings. First, unless all parties consent, the court being asked to transfer venue must determine whether the transferee court is one in which the action originally might have been brought. Second, the court that is being asked to transfer venue must determine whether transfer is appropriate, considering the convenience of parties and witnesses and the interest of justice. *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). The purpose of § 1404(a) is to "prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.' " *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quotation omitted). A motion for transfer lies within the broad discretion of the district court and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

Section 1404(a) "provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013). "In the typical case not

involving a forum selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations." *Id*. at 581. The district court "weigh[s] the relevant factors and decide[s] whether, on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.' " *Id*. (quoting 28 U.S.C. § 1404(a)). However, "the calculus changes ... when the parties' contract contains a valid forum selection clause, which 'represents the parties' agreement as to the most proper forum.' " *Id*. "The 'enforcement of valid forum selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system.' " *Id*.

In considering the interests of justice, the Ninth Circuit also recognizes a distinction between mandatory and permissive forum selection clauses. "To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co*., 69 F.3d 1034, 1037 (9th Cir. 1995). "The prevailing rule is . . . that where venue is specified with mandatory language the clause will be enforced." *Docksider, Ltd. v. Sea Tech., Ltd*., 875 F.2d 762, 764 (9th Cir. 1989) (citations omitted). In evaluating a mandatory forum selection clause, the plaintiff's choice of forum merits no weight, and the private interest factors weigh entirely in favor

of the pre-selected forum. *See Atl. Marine*, 571 U.S. at 63-64. The court may evaluate public interest factors only. *Id*. at 64. But public interest factors will rarely weigh significantly against transfer, so forum selection clauses should "be given controlling weight in all but the most exceptional cases." *Id*. at 60.

By contrast, permissive forum selection clauses merely provide consent to jurisdiction and venue in a particular court and do "not mean that the same subject matter cannot be litigated in any other court." *Hunt Wesson Foods, Inc. v. Supreme Oil Co*., 817 F.2d 75, 77 (9th Cir. 1987). Courts confronting permissive clauses generally apply the traditional public and private § 1404(a) factors to determine whether transfer is appropriate. *See Almont Ambulatory Surgery Ctr., LLC v. United Healthcare Group, Inc.*, 99 F. Supp. 3d 1110, 1166 (C.D. Cal. 2015); *cf., First Interstate Bank v. VHG Aviation*, 291 F.Supp.3d 1176, 1183-85 (D. Or. 2018) (applying the § 1404(a) factors in the alternative in a case involving a permissive forum-selection clause).

## 2. Motion to Dismiss

The Court must dismiss a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) Motion to Dismiss, a complaint must provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (1955)). A

1    claim is plausible on its face when "the plaintiff pleads factual content that allows

2    the court to draw the reasonable inference that the defendant is liable for the

3    misconduct alleged." *Id*. When evaluating a Rule 12(b)(6) motion to dismiss, the

4    Court must take all material allegations as true and construe the complaint in the

5    light most favorable to the non-moving party. *Wyler Summit P'ship v. Turner*

6    *Broad. Sys., Inc*., 135 F.3d 658, 661 (9th Cir. 1998).

7                                    **Discussion**

8        **1. Venue**

9        The parties do not dispute that this action could have been brought in the

10   Northern District of West Virginia. Defendant maintains its principal place of

11   business in Charles Town, West Virginia and is subject to personal jurisdiction

12   there under 28 U.S.C. § 1391(b)(1). *See* ECF No. 5 at 9. As the first requirement

13   under § 1404(a) is undisputed, only the second requirement under § 1404(a) is

14   further addressed below.

15               *a.  The Forum Selection Clauses*

16       Defendant contends the Court should transfer the instant action to the

17   Northern District of Virginia based on the forum selection clauses in Defendant's

18   written offers of employment acknowledged by Plaintiff, as well as the NDA. At

19   the outset, the party seeking to enforce a forum-selection clause must establish that

20   the parties entered into a contract containing a valid forum selection clause and that

1    the clause applies. *See Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513

2    (9th Cir. 1988) (explaining that the enforcement of a forum selection clause

3    "necessarily entails interpretation of the clause before it can be enforced"). Federal

4    law applies to the interpretation of a forum selection clause. *Id.*; *Yei A. Sun v.*

5    *Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018). In

6    applying federal law, courts are guided by "general principles for interpreting

7    contracts." *Sun*, 901 F.3d at 1086 (internal quotation marks omitted).

8        As Defendant contends two distinct forum selection clauses apply, the Court

9    considers which, if any, clauses apply here.

10                    i)        Applicability of the NDA

11        The NDA contains a mandatory forum selection clause. However, Plaintiff

12    contends that 1) the NDA is unenforceable due to lack of consideration as

13    continuing at-will employment is, by itself, insufficient, and 2) the present dispute

14    does not fall within the scope of the NDA. ECF No. 12 at 7-8. Defendant does not

15    address the enforceability of the NDA, stating that the enforceability of the NDA is

16    "not determinative," as the "offer letters contain similar provisions which are

17    clearly enforceable." ECF No. 14 at 3 n.1. The Court need not address the

18    enforceability of the NDA as Defendant has failed to demonstrate that the present

19    dispute falls within its scope or applies according to the NDA's plain terms.

20        The forum selection clause contained in Section 11 of the NDA states that it

1    applies to action of any kind "arising from or relating to *this Agreement* and all

2    contemplated transactions." ECF No. 6-3 at 4 (emphasis added). Defendant has

3    not asserted that Plaintiff's claims have any connection at all to the NDA, which

4    concerns protections for inventions and proprietary information.

5        In addition, Section 12 of the NDA expressly states that any other

6    agreements related to employment "remain in place and binding in accordance

7    with the terms of that agreement" and "[n]othing" in the NDA "is meant to

8    eliminate the duties of the parties subject to those agreements…" ECF No. 6-3 at

9    5. The NDA itself states that it was not intended to modify the terms of Plaintiff's

10    employment contained in other agreements.

11        Defendant has failed to demonstrate the NDA applies.

12                    ii)    Applicability and validity of the forum selection clauses
                            in the employment offer letters

13        Defendant contends the forum selection clause contained in the offer letters

14    "requires transfer" to the Northern District of Virginia. ECF No. 5 at 4. Defendant

15    incorrectly presumes that this action is governed by a binding, mandatory forum-

16    selection clause. *See* ECF No. 5 at 6 ("The forum-selection clause alone is [sic]

17    sufficient basis for transfer of venue."). However, unlike the mandatory forum

18    selection clause contained in the inapplicable NDA, the forum selection clauses

19    contained within the offer letters are permissive. *See First Interstate Bank*, 291 F.

20    Supp. 3d at 1184. No terms analogous to "must," "exclusive," or "only" are present

ORDER DENYING DEFENDANT'S MOTION TO TRANSFER AND MOTION FOR
PARTIAL DISMISSAL - 10

in the offer letters' identical forum-selection clauses. Instead the clause states that proceedings "may be heard" in the named jurisdictions. ECF Nos. 6-1 at 2, 6-2 at 2. As such this forum selection clause authorizes jurisdiction in the Northern District of West Virginia, but does not prohibit litigation in Washington. Moreover, the offer letters' forum selection clause does not necessarily suggest that the Northern District of West Virginia is the most proper forum favoring transfer, it simply bestows jurisdiction to that forum.

Neither Plaintiff nor Defendant have acknowledged the permissive nature of the offer letters' forum selection clause, nor the Ninth Circuit authority emphasizing that judges may accord permissive clauses less weight in the § 1404(a) analysis. Instead, Plaintiff raises contract defenses under Washington state law claiming that the offers of employment are illusory and unconscionable contracts, and the forum selection clauses are void due to substantive unconscionability. ECF No. 12 at 8-12.

Plaintiff's arguments are not persuasive. First, a contract is illusory "when its provisions make performance optional or discretionary." *Cascade Auto Glass, Inc. v. Progressive Cas. Ins. Co*., 135 Wash. App. 760, 770 (2006) (citation omitted). The fact that Defendant retained the right to modify the terms of employment did not render the agreement illusory, because the performance obligations remained fixed. *See id*. at 1257. Second, there is no evidence of

oppression, surprise, deception, refusal to bargain, unfairness or unjustifiably one-sided terms required to meet the high bar of demonstrating procedural or substantive unconscionability under any state or federal law. Finally, Plaintiff, a sophisticated and educated individual, claims she did not believe she was entering a contract by acknowledging the employment offers because of disclaimer language contained in the acknowledgment. ECF No. 12 at 9. This disclaimer, contained only in the initial acknowledgment stated: "The employment is at will and this letter does not constitute a contract of employment." ECF No. 6-1 at 3. However, this language serves only to reinforce that the employee has no contractually created rights beyond those created by at-will employment. *See, e.g.*, *Ashbey v. Archstone Prop. Mgmt., Inc.*, 612 Fed. App'x 430, 431 (9th Cir. 2015) (unpublished) (an alternative reading would "create an absurdity" because otherwise the employee would have no means to enforce the provisions "outlining [the employee's] compensation, sick leave, vacation and holidays, and retirement savings, among others."). "[T]he terminable at will employee *has* an employment contract—it is simply one that may be ended at any time for any reason." *Swanson v. Liquid Air Corp.*, 118 Wash. 2d 512, 537 (1992) (emphasis in original).

Plaintiff was clearly employed by Defendant and she was a party to an employment contract, the terms of which included a forum selection clause, which Plaintiff accepted. Plaintiff does not contend that the forum selection clause does

not encompass Plaintiff's claims. *See Smith v. VMware, Inc.*, No. 15-cv-03750-TEH, 2016 WL 54120, at \*6–7 (N.D. Cal. Jan. 5, 2016) (explaining the broad construction of the terms "arising out of or relating to" and concluding claims for retaliation and wrongful termination related to the employment agreement). The language of the forum selection clause here does not provide for exclusive venue in the Northern District of West Virginia and is therefore permissive. Accordingly, the Court will examine the traditional public and private factors in determining whether to transfer venue.

### b. *Convenience of the Parties and Witnesses*

"In the typical case . . . a district court considering a § 1404(a) motion . . . must evaluate . . . the convenience of the parties . . . ." *Atl. Marine*, 571 U.S. at 62. However, a transfer is not appropriate merely to shift the inconvenience from one party to another. For instance, where a plaintiff is a private individual and a defendant is a large corporation, it is generally easier for such a corporation to travel for litigation than the individual unless the costs of litigation are "prohibitively expensive." *Miracle v. N.Y.P. Holdings*, 87 F. Supp. 2d 1060, 1073 (D. Haw. 2000).

Defendant is a corporation and Plaintiff is an individual. It will be generally easier for Defendant to travel for litigation than for Plaintiff. *See Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993) (finding that a large

corporation could more easily travel for litigation than could individuals who were parties to the action). Further, Defendant has not shown that the litigation expenses it faces by litigating in Washington will be prohibitive. As a result, Defendants fail to establish that a transfer to the Northern District of West Virginia would amount to anything more than a shift of inconvenience from Defendant to Plaintiff. Thus, this factor does not favor transfer.[1]

As to the convenience of witnesses, Defendant notes that three witnesses identified in the Complaint reside on the "eastern part of the United States." ECF No. 8 at 2. However, they are all current employees of Defendant. *Id.* The Court will not give primary consideration to the non-party, employee witnesses. Plaintiff acknowledges that witnesses are "scattered throughout the country," primarily in Washington and West Virginia. ECF No. 12 at 14. This consideration is a neutral

---

[1] Defendant claims that under *Atlantic Marine*, inconvenience is an insufficient basis to deny transfer. ECF No. 14 at 10. However, *Atlantic Marine* involved a mandatory forum selection clause, where each party agreed to a selected forum. Where the parties have agreed only that an action *may* be filed in a particular forum, no legitimate expectations are upset if a party brings an action in another appropriate forum. *Atlantic Marine* does not stand for the proposition that inconvenience may not be considered under these circumstances.

ORDER DENYING DEFENDANT'S MOTION TO TRANSFER AND MOTION FOR PARTIAL DISMISSAL - 14

1    factor.

2              c.  *Interests of Justice*

3         In exercising its discretion, the court may consider various factors,

4    including:

5         (1) the location where the relevant agreements were negotiated and
          executed, (2) the state that is most familiar with the governing law, (3) the
6         plaintiff's choice of forum, (4) the respective parties' contacts with the
          forum, (5) the contacts relating to the plaintiff's cause of action in the
7         chosen forum, (6) the differences in the costs of litigation in the two forums,
          (7) the availability of compulsory process to compel attendance of unwilling
8         non-party witnesses, and (8) the ease of access to sources of proof.

9    *Jones*, 211 F.3d at 498–99 (hereinafter the "*Jones* factors"). Other factors the Court

10   may consider are the existence of a forum selection clause and the public policy of

11   the forum state. *Id*. In addition, "[p]ublic-interest factors may include 'the

12   administrative difficulties flowing from court congestion; the local interest in

13   having localized controversies decided at home; [and] the interest in having the

14   trial of a diversity case in a forum that is at home with the law." *Atl. Marine*, 571

15   U.S. at 62 n.6 (citation omitted).

16              i)      *Jones* factors favoring retention – Factors 2, 3, 6

17        The plaintiff's choice of forum is given "great weight" when deciding

18   whether to transfer venues. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

19   Because the plaintiff's choice of forum is given "great weight," "the defendant

20   must make a strong showing of inconvenience to warrant upsetting the plaintiff's

ORDER DENYING DEFENDANT'S MOTION TO TRANSFER AND MOTION FOR
PARTIAL DISMISSAL - 15

choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Defendant claims that Plaintiff's choice of forum is entitled to no weight as the Northern District of West Virginia "was the forum selected by Plaintiff" in the forum selection clause. ECF No. 5 at 8. Defendant misconstrues the permissive language of the clause. It did not mandate Plaintiff choose to litigate in that forum, but rather requires that she submit to it. As Plaintiff's choice of forum was Washington, this factor strongly disfavors transfer.

As to the state that is most familiar with the governing law, Plaintiff's action is based on federal and Washington state law. Both forums are equally familiar with and capable of applying federal law. This District is more familiar with Washington statutory and common law claims, although federal judges routinely apply laws of a state other than the state in which they sit. *See Atl. Marine*, 571 U.S. at 67. As set forth in the discussion of Plaintiff's Motion to Dismiss below, Defendant has not demonstrated that West Virginia law applies to any of Plaintiff's claims. Therefore, this factor disfavors transfer.

As to differences in costs, Defendant contends it would be less expensive to litigate in West Virginia as it "would not necessitate cross-country travel by a majority of the witnesses and counsel." ECF No. 5 at 7-8. On the other hand, Plaintiff contends she has no connections in West Virginia and travel there would pose a "significant hardship." ECF No. 12 at 14; ECF No. 13 at 2-4. When

considering the difference in cost between two forums, courts disfavor transferring

venue when the overall litigation costs are not significantly reduced. Defendant has

not demonstrated that transfer would significantly eliminate costs and

inconvenience, especially given that law practice in federal court has become

accustomed to litigating remotely and document discovery is likely primarily

electronic. This factor weighs slightly in favor of retention.

ii)    Neutral *Jones* factors – Factors 1, 4, 5, 7, and 8

The remaining *Jones* factors do not weigh heavily one way or the other.

As to the location of negotiation and execution of agreements, the present

case concerns Defendant's alleged wrongful termination, sexual harassment, and

retaliation against Plaintiff. As there is no dispute the nature of Plaintiff's

employment was at will, no contractual interpretation will be required to resolve

the substantive claims. Therefore, this factor is neutral.

As discussed above, Plaintiff has contacts with the current forum because

she resides and worked for Defendant in this District. Defendant conducts business

in Washington. The parties have not discussed any other contacts relating to the

cause of action in Washington. Defendant claims that it is headquartered in West

Virginia and contacts relevant to this case are in West Virginia and the eastern part

of the United States. This consideration is neutral.

As to ease of access, Defendant claims that litigating in West Virginia will

1    ease access to documents in the possession of non-parties. ECF No. 5 at 7.

2    However, Defendant has not offered any specific support for this assertion. The

3    Court assumes that records can be obtained with identical ease either in

4    Washington or West Virginia. This consideration is neutral.

5         The parties have not discussed the availability of compulsory process in any

6    detail. The parties have not identified all of the non-party witnesses. This factor

7    favors transfer only if West Virginia has the ability to subpoena more non-party

8    witnesses than Washington, and non-party witnesses are likely to refuse to testify.

9    The importance of this factor is eliminated if none of the witnesses would be

10   unwilling to testify. The Court has inadequate information to weigh this factor.

11                       iii)    Public interest factors

12        Public-interest factors "include administrative difficulties flowing from court

13   congestion; imposition of jury duty on the people of a community unrelated to the

14   litigation; the local interest in resolving the controversy at home; the interest in

15   having a diversity case tried in a forum familiar with the law that governs the

16   action; and the avoidance of unnecessary conflicts of law problems." *Gemini*

17   *Capital Grp., Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1094 (9th Cir. 1998).

18        Washington has a strong interest in having labor disputes arising in

19   Washington adjudicated in Washington. Plaintiff is not only a citizen of

20   Washington, but also was employed in Washington. Although some of the relevant

ORDER DENYING DEFENDANT'S MOTION TO TRANSFER AND MOTION FOR
PARTIAL DISMISSAL - 18

1  facts may have occurred elsewhere, the four causes of action Plaintiff pleads are

2  centered around her employment and relationship with Defendant. Therefore,

3  Washington's strong policy interest in protecting its local employees weighs

4  against transfer. The other public interest factors are less significant and are

5  insufficient to tip the balance in Defendant's favor.

6             iv)    Balance of factors

7        The burden is on Defendant to show that transfer is appropriate. *Decker*, 805

8  F.2d at 843. The balance of all § 1404(a) factors either weigh against transfer or

9  are neutral. Defendant has not met its burden. Transfer is therefore denied.

10  **B. Choice of Law**

11        Defendant claims it is entitled to dismissal of Plaintiff's state law claims

12  under Washington law, arguing that West Virginia law, not Washington law,

13  applies to Plaintiff's claims. Defendant contends that Plaintiff previously agreed to

14  West Virginia law by virtue of the choice of law provisions in her two offers of

15  employment and the NDA. The effect of a choice of law clause depends on both its

16  validity and scope. Although Plaintiff contests the validity of the choice of law

17  clauses, ECF No. 12 at 10-12, the Court need not address their validity because

18  even if valid, Defendant has not demonstrated the claims fall within the scope of

19  the clauses.

20        Section 10 of the NDA contains the choice of law provision stating:

ORDER DENYING DEFENDANT'S MOTION TO TRANSFER AND MOTION FOR PARTIAL DISMISSAL - 19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

> This Agreement and all matters arising out of or relating to this Agreement, whether sounding in contract, tort, or statute are governed by, and construed in accordance with, the laws of the State of West Virginia, without giving effect to the conflict of laws provisions thereof to the extent such principles or rules would require or permit the application of the laws of any jurisdiction other than those of the State of West Virginia.

ECF No. 8-3 at 4. As Plaintiff's claims do not pertain to the NDA, or arise out of or relate to the NDA, Defendant has not demonstrated the choice of law provision contained in the NDA is relevant or applies to this action. In addition, Section 12, expressly provides that the NDA does not alter the provisions of any other agreement, which Defendant has with Plaintiff. ECF No. 8-3 at 3.

Unlike the language used in the choice of law clause of the NDA, Defendant's offer letters contain identical, narrowly-worded choice of law clause stating: "The Laws of the State of West Virginia, excluding the choice of law provisions thereof, shall apply *to this agreement*." ECF No. 8-1 at 1. Defendant's motion fails to quote the critical phrase "to this agreement," suggesting instead that much broader language exists. *See* ECF No. 7 at 6 (stating that Plaintiff agreed that the laws of West Virginia " '. . . shall apply' *to the terms of her employment*."). The choice of law provision contained in the offer letters provides only that the agreement shall be construed under Virginia law. It does not purport to cover non-contractual tort or statutory claims that might arise from any aspect of the parties' relationship.

This choice of law clause resembles the narrow clause in *Green Leaf*

*Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1300 (11th Cir. 2003),

which read as follows: "[t]his release shall be governed and construed in

accordance with the laws of the State of Delaware." In analyzing the clause in

*Green Leaf*, the Eleventh Circuit concluded: "The effect of this clause is narrow in

that only the release itself is to be construed in accordance with the laws of the

State of Delaware. The clause does not refer to related tort claims or to any and all

claims or disputes arising out of the settlement or arising out of the relationship of

the parties. This type of narrow choice-of-law clause calls for the application of the

selected law to determine only the scope and effect of the release." *Id.*; *see also*

*Brown Jordan Int'l Inc. v. Carmicle*, No. 14-60629-CIV, 2015 WL 6123520, at *2

(S.D. Fla. Oct. 19, 2015), aff'd, 846 F.3d 1167 (11th Cir. 2017); *Vesta Corp. v.*

*Amdocs Management Ltd.*, 80 F. Supp. 3d 1152, 1162 (D. Or. 2015) (holding that

the plaintiff's state law trade secret misappropriation claim was governed by

Oregon and not New York law because the choice of law provision in the NDA

providing that the NDA "shall be governed by and construed under the laws of

New York" "only establishes that New York law will govern interpretation and

construction of the [NDA], not that it controls non-contractual claims that are

related to the contract"); *Med. Instrument Dev. Labs. v. Alcon Labs.*, No. C-05-

1138-MJJ, 2005 WL 1926673, at *3 (N.D. Cal. Aug. 10, 2005) (holding that

contract provision that the "Agreement is to be performed in accordance with the

laws of the State of Texas and shall be construed and enforced with the laws of the State of Texas" did not explicitly control non-contractual claims related to the contract); *Thompson & Wallace of Memphis, Inc. v. Falconwood Corp.*, 100 F.3d 429, 432–33 (5th Cir. 1996) (holding that "tort causes of action are separate from the agreement and its enforcement, and thus the choice-of-law provision [that New York law was to be applied to 'the agreement and its enforcement'] does not govern them").

As Defendant has not demonstrated that Plaintiff's state law claims are encompassed by the choice of law clause contained in the offer letters, partial dismissal of the claims is not warranted.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Transfer, **ECF No. 5**, is **DENIED**.

2. Defendant's Motion for Partial Dismissal, **ECF No. 7**, is **DENIED**.

The Clerk of the Court is directed to enter this Order and provide copies to counsel.

**DATED** this 6th day of December, 2023.



Stanley A. Bastian
Chief United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO TRANSFER AND MOTION FOR PARTIAL DISMISSAL - 22